UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANETT DURAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23 CV 884 JMB |
| | ) | |
| CARAVAN LOGISTICS, INC. | ) | |
| and PEI XHAO, | ) | |
| | ) | |
| Defendants. | ) | |

And,

| | | |
|---|---|---|
| ADRIAN MEJIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 CV 376 JMB |
| | ) | |
| CARAVAN LOGISTICS, INC., PEI XHAO, | ) | |
| and JANETT DURAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

On April 14, 2026, a motion hearing was held on the Motion to Consolidate (Doc. 53 in 23 cv 884) in which all parties appeared by counsel.  Defendants Caravan Logistics and Xhao seek to consolidate the two above actions which involve the same car accident on November 12, 2022 on Interstate 55.  No party objects to consolidation.  "When actions involving a common question of fact or law are pending, [Federal] Rule [of Civil Procedure] 42(a) grants broad discretion to order all the actions consolidated or make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays."  Chase v. Andeavor Logistics, L.P., 165 F.4th 1102, 1125 (8th Cir. 2026) (cleaned up).  Common issues of law and fact govern these negligence actions and consolidation is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Consolidate for all purposes is **GRANTED** (Doc. 53 in 23 cv 884).  The Clerk of Court is directed to consolidate <u>Mejia v. Caravan Logistics, Inc.</u>, 4:26 cv 376 JMB with <u>Duran v. Caravan Logistics, Inc.</u>, 4:23 cv 884 JMB, file this Memorandum and Order in both cases, and administratively close 4:26 cv 376 JMB.  For ease of reference, Clerk of Court shall file the following pleadings from 4:26 cv 376 JMB in the new consolidated action, 4:23 cv 884 JMB: the complaint (Doc. 1-2) and the answers (Docs. 10 and 11) as of the dates filed.  All future filings and pleadings shall be made in 4:23 cv 884 JMB.

**IT IS FURTHER ORDERED** that no later than **April 17, 2026**, each party <u>must</u> complete the electronic Notice re: Magistrate Judge Jurisdiction indicating that they either consent to the jurisdiction of a U.S. Magistrate Judge or opt to have the case assigned to a randomly-selected U.S. District Judge.  Instructions for completing the required notice can be found on the Court's website at http://www.moed.uscourts.gov/sites/moed/files/documents/forms/moed-0041.pdf. Any Defendant who has not filed a responsive pleading shall do so promptly and no later than **April 24, 2026**.

**IT IS FURTHER ORDERED** that

1.      All deadlines and hearings are **VACATED**.

2.      This matter is set for a Scheduling Conference pursuant to Fed. R. Civ. P. 16 on **May 7, 2026**, at **1:30 p.m.**, and will take place in Courtroom 15S in the Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102.  Counsel will be expected to discuss in detail all matters covered by Rule 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 4, and a firm and realistic trial setting will be established at or shortly after the conference.

3. **Meeting of Parties:**  Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 4 below, counsel for the parties shall meet to discuss the following:

- the nature and basis of the parties' claims and defenses;
- the possibilities for a prompt settlement or resolution of the case;
- the formulation of a discovery plan, including the nature and scope of any burdens associated with the preservation, retrieval, review, disclosure, and production of discoverable information relative to the likely benefit of the proposed discovery;
- costs, if any, the parties may be willing to share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor (if applicable) or other cost-saving measures;
- any issues specifically relating to disclosure or discovery of electronically stored information, including–

  (i) the form or forms in which it should be produced;
  (ii) the topics for such discovery and the time period for which such discovery will be sought;
  (iii) the various sources of such information within a party's control that should be searched for electronically stored information; and
  (iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

- any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order; and
- other topics listed below or in Fed. R. Civ. P. 16 and 26(f).

Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and, suitability for Alternative Dispute Resolution.  This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 4 below.

4. **Joint Proposed Scheduling Plan:**  No later than **April 30, 2026**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan.  Only one proposed scheduling plan may

be submitted in any case, and it must be signed by counsel for <u>all</u> parties.  It will be the responsibility of **counsel for the plaintiff** to actually file the joint proposed scheduling plan to the Court.  If the parties cannot agree on any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint plan, and the Court will resolve the dispute at or shortly after the scheduling conference.

**All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| <u>Track 1: Expedited</u> | <u>Track 2: Standard</u> | <u>Track 3: Complex</u> |
|---|---|---|
| **\*Disposition w/i 12 mos of filing** | **\*Disposition w/i 18 mos of filing** | **\*Disposition w/i 24 mos of filing** |
| **\*120 days for discovery** | **\*180-240 days from R16 Conf. for discovery/dispositive motions** | **\*240-360 days from R16 Conf. for discovery/dispositive motions** |

**The parties' joint proposed scheduling plan shall include:**

    (a)    whether the Track Assignment is appropriate;

**NOTE: This case has been assigned to Track <u>2</u>: (Standard).**

    (b)    dates for joinder of additional parties or amendment of pleadings;

    (c)    a discovery plan including:

        (i) any agreed-upon provisions or issues about disclosure, discovery, or preservation of electronically stored information;

        (ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

        (iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1);

        (iv) whether discovery should be conducted in phases or limited to certain issues;

        (v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case;

        (vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set

forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules;

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed;

(viii) a date by which all discovery will be completed **(see applicable track range, Section 3. above)**;

(ix) any other matters pertinent to the completion of discovery in this case;

(d)     the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e)     dates for filing any motions to dismiss or motions for summary judgment **(see applicable track range, Section 3. above)**;

(f)     the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

(g)     an estimate of the length of time expected to try the case to verdict; and

(h)     any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

This consolidated action shall remain set as a Track 2 case.  However, the Court anticipates that substantial discovery already has been completed and that this matter may be reset as a Track 1 case.  At the Rule 16 conference, the parties should anticipate discussing whether discovery can be expedited and a trial date can be set within a year of this Memorandum and Order.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of April, 2026.